IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PARIS O. SIMPSON,

        Petitioner,      :      Case No. 3:21-cv-109

  - vs -                                District Judge Michael J. Newman
                                        Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution,

                                    :
        Respondent.

**REPORT AND RECOMMENDATIONS**

This habeas corpus action under 28 U.S.C. § 2254, brought *pro se* by Petitioner Paris O. Simpson, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Traverse (ECF No. 13).

**Litigation History**

On April 30, 2002, Montgomery County Grand Jury indicted Simpson on one count of felonious assault in violation of Ohio Revised Code §2903.11(A)(1)(Count 1), one count of aggravated robbery in violation of Ohio Revised Code §2911.01(A)(3)(Count 2), and one count of murder in violation of Ohio Revised Code § 2903.02(B), (Count 3)(Indictment, State Court Record, ECF No. 8, Exhibit 1). A jury convicted him on all three counts and he was sentenced to an aggregate prison term

1

of thirty-three years to life. *Id.* at Ex. 3. Simpson appealed to the Ohio Second District Court of Appeals which affirmed the conviction and sentence. *State v. Simpson,* 2004 WL 259455 (Ohio App. 2nd Dist. Feb. 13, 2004). Simpson did not appeal further to the Supreme Court of Ohio.

On May 31, 2012, Simpson filed a delayed Application for Reopening of his direct appeal raising claims of ineffective assistance of appellate counsel because his appellate attorney had not pleaded three assignments of error. The Second District denied the Application as untimely. *State v. Simpson*, App. Case No. 19797 (2nd Dist. Sept. 17, 2012)(copy at State Court Record, ECF No. 8, Ex. 9). Simpson did not appeal further to the Supreme Court of Ohio.

On August 31, 2018, Simpson filed a Motion for Resentencing related to imposition of a term of post-release control (State Court Record, ECF No. 8, Ex. 10). The State agreed and Simpson was re-sentenced September 4, 2019. *Id.* at Ex. 12. Simpson appealed and his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The Second District then allowed Simpson sixty days to file a *pro se* brief which he did (State Court Record, ECF No. 8, Ex. 16). Finding no error, the Second District again affirmed the conviction. *State v. Simpson*, 2020-Ohio-2961 (Ohio App. 2nd Dist. May 15, 2020), appellate jurisdiction declined, 159 Ohio St. 3d 1478 (2020). Simpson also moved to reopen the appeal (State Court Record, ECF No. 8, Ex. 26) which the Second District denied. *Id.* at Ex. 29. This time Simpson did appeal to the Supreme Court of Ohio, but that court declined to accept appellate jurisdiction. *Id.* at Ex. 33.

Simpson then filed his Petition in this Court, pleading one ground for relief:

> **Ground One**: Petitioner was deprived [of] effective assistance of appellant [sic] counsel on his first right of appeal 6th and 14th Amendment violation U.S. Constitution.
>
> **Supporting Facts:** Appellant counsel performance on petitioner first right of appeal was deficient that prejudice the outcome of the petitioner appeal. [sic]

(Petition, ECF No. 1).

## Analysis

**First Appeal of Right**

In his only Ground for Relief, Simpson claims he was denied effective assistance of counsel on his "first right of appeal." Respondent correctly points out that Simpson pleads no facts in support of this claim. That is, he does not tell this Court what his appellate counsel did or did not do that constituted deficient performance or how that prejudiced him. However, Simpson is a *pro se* litigant who is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). One way to construe Simpson's Petition is to read it as pleading the same claims of ineffective assistance of appellate counsel which he presented to the Ohio courts regarding his first appeal of right.

The Second District entered judgment affirming the conviction on February 13, 2004. *Simpson*, 2004 WL 259455. Simpson never complained of ineffective assistance of appellate counsel in that proceeding until eight years later when he filed a delayed application for reopening under Ohio R. App. P. 26(B)(State Court Record, ECF No. 8, Ex. 8). In that Application, he asserted appellate counsel provided ineffective assistance by omitting the following three Assignments of Error:

**First:** The trial court lacked subject matter jurisdiction to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. *Id.* at PageID 117.

**Second:** The trial court erred when it violated Ohio law by sentencing defendant to consecutive sentencing in violation of R.C. 2941.25. *Id.* at PageID 119.

**Three:** Consecutive sentencing for allied offenses of similar import is plain error under criminal rule 52(B) and effects [sic] an [sic] defendant's substantial rights. *Id.* at PageID 121.

The Second District Court of Appeals did not reach the merits of this claim. Instead it found Simpson had not offered any explanation, any good cause, for his more than eight-year delay in applying for reopening (Decision and Entry, State Court Record, ECF No. 8, Ex. 9).

To the extent Simpson is claiming he received ineffective assistance of appellate counsel on his first appeal of right because appellate counsel did not raise the three omitted assignments of error he pleaded in his Delayed Application, those claims are barred by his procedural default in presenting them to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175

> L.Ed.2d 417 (2009).  This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine.  See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

Ohio's method for presenting claims of ineffective assistance of appellate counsel is by application for reopening under App. R. 26(B).  That Rule provides a ninety-day time limit on such motions unless good cause is shown for delay.  The Second District plainly enforced that rule against Simpson and the Sixth Circuit has repeatedly held that the time limit in Rule 26(B) is an adequate and independent state ground of decision.  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

To the extent, then, that Simpson is claiming ineffective assistance of appellate counsel on his first appeal of right, his claim is barred by his procedural default in presenting it to the Ohio courts.

**"Second" Appeal of Right**

On the other hand, it seems more likely that what Simpson is complaining about is ineffective assistance of appellate counsel in his appeal after re-sentencing. With respect to that appeal, Simpson also filed an Application for Reopening (State Court Record, ECF No. 8, Ex. 26) in which he asserts his appellate attorney omitted the following three assignments of error:

(a) conviction is supported by insufficient evidence beyond a reasonable doubt in violation of defendant united states constitutional right 14th amendment.

(b) criminal indictment is defective when the trial court fail [sic] to give the defendant fair notice of all the essential elements of the charge of the charge or charges against him.

(c) trial counsel rendered ineffective assistance of counsel for failure to object to improper jury instructions Crim. R. 52(B) [in] violation of defendant['s] united states constitutional rights 6th and 14th amendments.

A liberal construction of Simpson's Petition would allow the Court to read these as the omissions of which Simpson is complaining in that his appeal from re-sentencing was an appeal of right where he was entitled to effective assistance of counsel, as opposed to his subsequent appeal to the Supreme Court of Ohio, which is not an appeal of right and for which there is no Sixth Amendment right to effective assistance. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). For the sake of completeness, the Magistrate Judge will, in the alternative, read Simpson's Petition as pleading these claims of ineffective assistance of appellate counsel.

The Second District did reach the merits of Simpson's second Application for Reopening.

> In his application for reopening, Simpson claims that his appellate
> counsel rendered ineffective assistance by telling him that his

> resentencing hearing was limited to the imposition of postrelease control and by not raising challenges to his convictions in his appellate brief. Simpson points to *In re Stansell,* 828 F.3d 412 (6th Cir.2016), which held that the trial court's judgment following a resentencing hearing to properly impose postrelease control was a new judgment for purposes of federal habeas review. He argues that his appellate counsel acted deficiently in failing to advocate that *In re Stansell* supports a de novo review of his convictions.
>
> We find no basis to grant Simpson's application for reopening. As stated above, Simpson filed a prose brief raising the same issues that he now wants to raise. As part of our *Anders* review, we considered Simpson's arguments and found that they were frivolous in light of *Fischer [State v. Fischer,* 128 Ohio St.3d 92 (2010)]. Upon review of *In re Stansell*, we agree with appellate counsel that the Sixth Circuit case is not applicable to circumstances in this case. In short, appellate counsel did not act deficiently by advising Simpson that his resentencing hearing was appropriately limited to the proper imposition of post-release control, nor is there a reasonably probability that Simpson would have prevailed had appellate counsel advocated differently. Upon review of the entire record, we concluded, as did appellate counsel, that his appeal was frivolous.

*State v. Simpson*, Appellate Case No. 28558 (2nd Dist. Oct. 1, 2020)(copy at State Court Record, ECF No. 8, Ex. 29, PageID 356).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's

7

> performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*,

466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, citing *Wilson.*

In its decision denying Simpson's second Application for Reopening, the Second District squarely decided the merits of his ineffective assistance of appellate counsel claims. It acknowledged the governing authority of *Strickland v. Washington,* 466 U.S. 668 (1984), and purported to decide the Application on the basis of *Strickland*. It concluded the claim was without

9

merit to the point of being frivolous. The question before this Court, then, is whether that decision was an objectively reasonable application of *Strickland*.

Simpson contends that his May 10, 2019, motion for resentencing raised the issue that his judgment of conviction was void because of errors in the imposition of post-release control (Traverse, ECF No. 13, PageID 437, relying on *State v. Bezak*, 114 Ohio St. 3d 94 (2010), and *State v. Fischer*, 128 Ohio St. 3d 92 (2010)). He argues the trial court's new sentencing entry which included post-release control for the aggravated robbery and murder counts made the new entry a final appealable order. *Id.* The Second District treated it that way by accepting jurisdiction.

Simpson then argues that because there was a new sentencing entry, he was entitled to attack the underlying conviction and thus appellate counsel should have raised the three assignments of error he proposed to her (Traverse, ECF No. 13, PageID 440, relying on *Bezak* and on *In re Stansell,* 828 F.3d 412 (6th Cir. 2016), and *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).

In overruling Simpson's *pro se* assignments of error on appeal from resentencing and again in denying his 26(B) application related to that appeal, the Second District held that the controlling law was set forth in *Fischer*, but disagreed with Simpson's interpretation of *Fischer*.

> *Fischer* held that when a judge fails to impose the required postrelease control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Id.* at ¶ 26. However, res judicata still applied to all other aspects of a conviction, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 40.

(Decision and Entry, State Court Record, ECF No. 8, Ex. 29, PageID 355).

Federal courts sitting in habeas corpus are bound by what the state courts say is the state law. *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw* at 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting

10

in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

*Fischer*, as interpreted by the Second District in this case, holds that only that part of a sentence which fails to impose required post-release control is void and the remaining claims regarding the underlying conviction remain barred by *res judicata*. This is precisely what Simpson's appellate attorney told him and she was correct: the three assignments of error which he asserts she should have raised were barred from being considered by the fact that they were not raised in the first appeal of right. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has repeatedly held that the *Perry* rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

*Stansell* and *Crangle* are not to the contrary. Both of those cases held that entry of an amended judgment of conviction in state court re-sets the statute of limitations date under 28 U.S.C. § 2244(d). The Warden has not argued Simpson's petition is barred by the statute of limitations and the Magistrate Judge concludes the Petition was timely filed. But that does not imply that any issue which could at any time in the past have been raised in habeas corpus can now be raised and decided on the merits.

To summarize, Simpson pleads one ground for relief: ineffective assistance of appellate counsel for failure to raise three assignments of error on his most recent appeal to the Second District. He has exhausted state court remedies for that claim by bringing it in a timely application

11

for reopening under Ohio R. App. P. 26(B). The Second District found that claim without merit because all of Simpson's proposed but omitted assignments of error would have been barred by *res judicata* as a matter of Ohio law. Applying *Strickland*, it found no ineffective assistance of appellate counsel because it cannot be ineffective assistance of appellate counsel to fail to plead an assignment of error which could not have been heard on the merits. This is a completely reasonable application of *Strickland* which is entitled to deference under 28 U.S.C. § 2254(d)(1).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 13, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.