# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PARIS O. SIMPSON,

        Petitioner,    :    Case No. 3:21-cv-109

 - vs -        District Judge Michael J. Newman
                Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution,

                             :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations (ECF No. 14) recommending the case be dismissed. District Judge Newman has recommitted the case for reconsideration in light of the Objections (ECF No. 18).

Simpson pleads one ground for relief:

> **Ground One**: Petitioner was deprived [of] effective assistance of appellant [sic] counsel on his first right of appeal 6th and 14th Amendment violation U.S. Constitution.
>
> **Supporting Facts:** Appellant counsel performance on petitioner first right of appeal was deficient that prejudice the outcome of the petitioner appeal. [sic]

(Petition, ECF No. 1). The Report found it was unclear whether Simpson was claiming ineffective assistance of appellate counsel on his first or second appeal. The Objections make it clear he is referring to the appeal from his resentencing.

1

As the Report recites,

> On August 31, 2018, Simpson filed a Motion for Resentencing related to imposition of a term of post-release control (State Court Record, ECF No. 8, Ex. 10). The State agreed and Simpson was re-sentenced September 4, 2019. *Id*. at Ex. 12. Simpson appealed and his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The Second District then allowed Simpson sixty days to file a pro se brief which he did (State Court Record, ECF No. 8, Ex. 16). Finding no error, the Second District again affirmed the conviction. *State v. Simpson,* 2020-Ohio-2961 (Ohio App. 2nd Dist. May 15, 2020), appellate jurisdiction declined, 159 Ohio St. 3d 1478 (2020). Simpson also moved to reopen the appeal (State Court Record, ECF No. 8, Ex. 26) which the Second District denied. *Id*. at Ex. 29.

(Report, ECF No. 14, PageID 447).  The Report referred to the appeal from resentencing as the "Second" Appeal of Right. *Id.* at PageID 451 and the Objections confirm this is the appeal to which the Petition refers.  For clarity's sake, this appeal will be referred to herein as the "Appeal from Resentencing."  It is in this Appeal from Resentencing that Simpson claims he received ineffective assistance of appellate counsel.

**Does the Petition Meet the Pleading Requirements of Rule 2?**

Simpson's first objection is that he pleaded sufficient facts in the Petition to warrant an Order for Answer under Rule 4, but that "[t]he magistrate disregarded the petitioner['s] argument on this point raised in the petitioner['s] traverse. (Traverse p.6-8)."  (Objections, ECF No. 17, PageID 464).  At those pages of his Traverse, Simpson responded to the Warden's argument that the Petition did not satisfy the pleading requirements of Habeas Rule 2 (ECF No. 13, PageID 431-33).

The Warden raised an insufficient pleading defense under Habeas Rule 2 in the Return of Writ and sought to have the Petition dismissed on that basis (ECF No. 9, PageID 414-17).  As

2

noted above, Simpson responded by asserting that issuance of the Order for Answer had implicitly found the petition satisfied Rule 2.  He now objects that the Report disregarded that argument.

Simpson's first objection is not well taken.  In issuing the Order for Answer (ECF No. 5), the undersigned did not purport to decide any question about whether the case had been properly pleaded.  Instead, employing the language of Rule 4, the Magistrate Judge determined merely that "it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court." *Id.* at PageID 3.  Then in the Report, the undersigned noted the principle that *pro se* pleadings are to be liberally construed (ECF No. 14, PageID 448, citing *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)).  The Report then proceeds to consider the Petition on its merits and never recommends a decision on the Warden's sufficiency-of-the pleading defense.  If anything was "disregarded," it was this defense, not Simpson's response.  The Warden has not objected to the Report and Simpson is not entitled to an explicit ruling on the Rule 2 defense.

**Which Appeal is At Issue?**

Simpson objects to the fact that the Report analyzed Simpson's claims of ineffective assistance of appellate counsel in both of his appeals (Objections, ECF No. 17, PageID 465).  Now that Simpson has made it clear that he is complaining of what occurred in the Appeal from Re-Sentencing, the analysis directed to the first appeal is irrelevant and is hereby withdrawn.

3

**Claims of Ineffective Assistance of Appellate Counsel**

The State Court Record shows Simpson filed a Motion for Resentencing August 31, 2018[1], claiming error in the imposition of post-release control (Motion, State Court Record, ECF No. 17, Ex. 10). The State responded that it "agrees, in part, that Simpson is entitled to be re-sentenced for the limited purpose of advising him of the correct term of post-release control." *Id.*, Ex. 11, PageID 145. Its response concluded "Paris Simpson should be re-sentenced for the sole purpose of advising him of the proper term of post-release control for the offense of aggravated robbery, and his term of parole for his offense of murder." *Id.* at PageID 147.

Common Pleas Judge Barbara Gorman on September 5, 2019, entered an amended Judgment Entry correcting the post-release control portion of the prior judgment and otherwise leaving the prior judgment intact. *Id.* at Ex. 12. Simpson then filed a *pro se* Notice of Appeal from the Amended Judgment. *Id.* at Ex. 13. He was then appointed as appellate counsel Attorney Johnna M. Shia who filed, on January 2, 2020, a brief under *Anders v. California*, 386 U.S. 738 (1967), combined with a motion to withdraw as appellate counsel. *Id.* at Ex. 14. The Second District then provided Simpson with an opportunity to file a *pro se* brief which he did February 20, 2020. *Id.* at Ex. 16. The Second District decided the case May 15, 2020. *Id.* at Ex. 18. The Supreme Court of Ohio declined to review that judgment. *Id.* at Ex. 22.

On August 14, 2020, Simpson filed an Application to Reopen the Appeal from Resentencing, pleading the following omitted assignments of error as demonstrating ineffective assistance of appellate counsel:

    (a) conviction is supported by insufficient evidence beyond

---

[1] The Objections claim this Motion was filed May 19, 2019 (ECF No. 17, PageID 466), but the file-stamp date from the Montgomery County Clerk of Courts plainly shows it was filed August 31, 2018 (State Court Record, ECF No. 8, PageID 126).

>a reasonable doubt in violation of defendant['s] united states constitutional right 14th amendment.
>
>(b) criminal indictment is defective when the trial court fail[s] to give the defendant fair notice of all the essential elements of the charge or charges against him.
>
>(c) trial counsel rendered ineffective assistance of counsel for failure to object to improper jury instructions Crlm,R. 52(13) violation of defendant['s] united states constitutional rights 6th and 14th amendments.

(Application, State Court Record, ECF No. 8, PageID 306).

In denying the Application, the Second District explicitly held that *Strickland v. Washington,* 466 U.S. 668 (1984), provided the governing standard for ineffective assistance of appellate counsel (Decision and Entry, State Court Record, ECF No. 8, Ex. 29, PageID 353-54). It noted that Simpson had argued in his *pro se* brief "that *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 322, did not apply to his case, and that he could challenge his convictions as a direct appeal."

>The Second District clearly held to the contrary:
>
>>*Fischer* held that when a judge fails to impose the required postrelease control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Id*. at ¶ 26. However, *res judicata* still applied to all other aspects of a conviction, including the determination of guilt and the lawful elements of the sentence. *Id*. at ¶ 40.
>>
>>In conducting our *Anders* review, we rejected Simpson's claim that *Fischer* did not apply. We stated that *"Fischer* is the law in Ohio, and we find no basis not to follow it. *State v. Simpson*, 2d Dist. Montgomery No. 28558, 2020-Ohio-2961, ¶ 20. We thus concluded that "[a]ny argument that the trial court should have conducted a more extensive resentencing hearing and vacated his convictions for aggravated robbery and murder would be frivolous." *Id*. at ¶ 21.

(Decision and Entry, State Court Record, ECF No. 8, Ex. 29, PageID 355).

The question before the Second District was whether Simpson received ineffective

5

assistance of appellate counsel when Attorney Shia did not raised the assignments of error he raised in his *pro se* brief. Whether or not a defendant has received ineffective assistance of appellate counsel on an appeal of right is a question of federal law under *Strickland*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). To prevail in the current proceeding, Simpson must show that the Second District's decision on his 26(B) Application on the Appeal of Resentencing is contrary to or an unreasonable application of *Strickland*.

Petitioner objects that the Second District was wrong because the new sentencing entry of September 4, 2019, "change[d] the petitioner['s] sentence that would allow the petitioner to appeal to appeal his sentence and conviction anew." (Objections, ECF No.17, PageID 466, citing Traverse pp.8-13 [PageID 433-38].)

The question of whether an **Ohio** resentencing to correct an error in post-release control reopens issues that could have been presented on a first direct appeal is a question of **Ohio** law. On questions of state law, a habeas corpus court is bound by the state courts' interpretation of Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). In this case the Second District clearly held as a matter of Ohio law that an error in imposing postrelease control renders only the postrelease portion of the original sentence void; decisions on appeal from other portions remain *res judicata*.

Thus the Second District approved the advice Attorney Shia gave Simpson: although he was entitled to a direct appeal from the resentencing entry, a final appealable order, she could not

6

raise the assignments of error Simpson wanted her to raise as to the original conviction. It simply cannot be ineffective assistance of appellate counsel to fail to raise assignments of error which are barred by *res judicata*. Since Attorney Shia's advice was correct, it was not ineffective assistance of appellate counsel for her to give it. That is, it was not deficient performance under the first prong of *Strickland*.

Simpson objects that the Second District's decision was on state law only (Objections, ECF No. 17, PageID 467). That is not correct. The Second District decided Attorney Shia gave Simpson correct advice on what the Ohio law is, to wit, that a resentencing on postreleease control does not reopen matters that were or could have been raised on the original appeal.

Petitioner attempts to raise a new doble jeopardy claim for the first time in his Objections, to wit that the trial court violated his Double Jeopardy rights by reimposing a sentence for felonious assault which he had already served (Objections, ECF No. 17, PageID 471, et seq.). No such double jeopardy claim is pleaded in the Petition, and claims cannot be added in Objections. Moreover, the claim is without merit: the Second District expressly found that no new sentence was imposed on the felonious assault conviction (Decision and Entry, State Court Record, ECF No. 8, PageID 354).

Petitioner claims his three omitted assignments of error cannot be barred by *res judicata* because they were not adjudicated in his October 4, 2019, appeal (Objections, ECF No. 17, PageID 473-74). Under the Ohio *res judicata* doctrine, claims which could have been raised on an original direct appeal but are not raised there are barred by *res judicata* from ever being raised.

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...

7

> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970). Ohio's doctrine of *res judicata* in criminal cases, enunciated *Perry,* has repeatedly been held to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Simpson claims *Fischer* applies only when there is a remand for resentencing and here resentencing was brought about by his motion (Objections, ECF No. 17, PageID 474). But as noted above, the interpretation of *Fischer* is a question of Ohio law and the Second District found it to be applicable here. That conclusion of state law is binding on this Court. *Bradshaw, supra.*

**Conclusion**

The Second District's application of Strickland was completely reasonable: Attorney Shia's advice that only resentencing issues were appealable -- despite the existence of a new final appealable order – was a correct statement of Ohio law under *Fischer* and therefore not ineffective assistance of appellate counsel. Petitioner's Objections should therefore be overruled and judgment entered dismissing the Petition. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 5, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #