## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PARIS O. SIMPSON,

                          Petitioner,             :     Case No. 3:21-cv-109

    - vs -                           District Judge Michael J. Newman
                                       Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution,

                                 :
            Respondent.

---

## RE-CHARACTERIZATION OF OBJECTIONS AS MOTION TO AMEND JUDGMENT;  REPORT AND RECOMMENDATIONS

**Construing Objections as Motion to Amend**

This habeas corpus case is before the Court on Petitioner's Supplemental Objections (ECF No. 24) to the Magistrate Judge's Supplemental Report and Recommendations recommending, on recommittal, that the case be dismissed (ECF No. 19).

The Supplemental Report was filed on November 8, 2021, and served on Petitioner by mail the same day.  This would have made his objections due November 28, 2021 (fourteen days by rule plus three days because of service by mail plus an extension until the next day the Court was open after a holiday).  Simpson evidently received the Supplemental Report because he requested and received an extension of time until December 16, 2021, to file objections (ECF Nos. 20, 21).

1

The Court did not receive Petitioner's Supplemental Objections until January 12, 2022, making them almost a month late, even with an extension.  In the interim, District Judge Newman adopted the Supplemental Report and dismissed the case (ECF Nos. 22, 23).  The Entry of Judgment starts the time for appeal (thirty days).  The only way the Court can consider Simpson's arguments on the merits is to construe the Supplemental Objections as a motion to amend the judgment under Fed.R.Civ.P. 59(e).  This will extend Simpson's appeal time until thirty days after the Court rules on the objections if construed as a motion to amend.

**Motion to Amend the Judgment**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), *quoting Leisure Caviar, LLC v. United*

*States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker*, 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

Simpson first avers the Supplemental Report misreads the record as to what he asserted in his Application to Reopen his appeal under Ohio R. App. P. 26(B).  He says he

> did not raise a question before the state court of appeals in the 26(B) application, [that] appellant [sic] counsel was ineffective for not raising the three assignments of error that was raised in the petitioner Feb.20 2020 pro.se brief.  That was not the question before the state court of appeals.

(Supplemental Objection, ECF No. 24, PageID 500).  Instead he says the question he raised in the 26(B) Application was whether he received ineffective assistance of appellate counsel when appointed appellate counsel did not advise the Second District Court of Appeals that his resentencing (to impose the correct period of post-release control) allowed him to challenge his conviction and sentence anew." *Id.*

This argument does not show an error of law in the Supplemental Report.  The Second District Court of Appeals in deciding Simpson's 26(B) Application clearly held that *State v.*

*Fischer*, 128 Ohio St. 3d 92 (2010), applied to this case of resentencing, that it had already rejected

Simpson's claim that *Fischer* did not apply when it rejected that argument from Simpson's *pro se*

brief on appeal, and that therefore Attorney Shia did not provide ineffective assistance of appellate

counsel when she told Simpson the same thing (Decision and Entry, State Court Record, ECF No.

8, Ex. 29, PageID 355).  The Supplemental Report made it very clear that whether Fischer applied

was a question of Ohio law and this Court was bound by the Second District's decision on this

point:

> The question of whether an **Ohio** resentencing to correct an error in
> post-release control reopens issues that could have been presented
> on a first direct appeal is a question of **Ohio** law.  On questions of
> state law, a habeas corpus court is bound by the state courts'
> interpretation of Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005).
> In this case the Second District clearly held as a matter of Ohio law
> that an error in imposing postrelease control renders only the
> postrelease portion of the original sentence void; decisions on
> appeal from other portions remain *res judicata*.

(Supplemental Report, ECF No. 19, PageID 489).

Simpson now asserts "[u]nder federal law any change to the petitioner prior sentence or

sentencing judgment of FEB.21 2003 is considered a new sentencing judgment entry"

(Supplemental Objections, ECF No. 24, PageID 501).  He relies on *In re Stansell,* 812 F.3d 412

(6th Cir. 2016).  In that case the Sixth Circuit held that a re-sentencing entry correcting a prior

imposition of post-release control was a new state judgment so that a habeas corpus petition

challenging that new judgment did not have to satisfy the "second or successive" hurdle imposed

by 28 U.S.C. § 2244(b) for petitioners who had already challenged a prior judgment in their case.

Judge Sutton referred to *Fischer* and its effect, but did not begin to suggest that *Fischer* violates

federal law by continuing to accord *res judicata* effect to other parts of an original sentence.  See

812 F.3d at 417-18.  Under Ohio law, that new sentencing entry correcting post-release control

does allow an appeal, but the appeal is limited to any error in imposing post-release control the second time around.  As the Second District held here, *Fischer* provides the balance of the original conviction and sentence is *res judicata*.  Simpson has not shown the Magistrate Judge's conclusion that *Fischer* applies is an error of law, either Ohio or federal.

The Supplemental Report did not commit an error of law by deferring tom the Second District on the *res judicata* effect of Simpson's original judgment.  And because Simpson could not challenge his conviction and sentence anew on appeal from the post-release control judgment, Attorney Shia's advice to that effect was impeccably correct.  It cannot be ineffective assistance of appellate counsel to give legally correct advice.  Therefore the Second District's conclusion that Attorney Shia's performance was not deficient was entitled to deference as a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

Simpson also complains of the denial of a certificate of appealability, but he has not shown any reasonable jurists who disagree with the conclusions in the Supplemental Report.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends that Petitioner's Supplemental Objections, construed as a motion to amend the judgment, be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 13, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.