# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PARIS O. SIMPSON,

        Petitioner,    :    Case No. 3:21-cv-109

- vs -

        District Judge Michael J. Newman
        Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution,

                              :
        Respondent.

## REPORT AND RECOMMENDATION ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Paris Simpson, is before the Court on Simpson's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(5)(ECF No. 26).  The Motion asks the Court to vacate its judgment of January 3, 2022, and return this case to the active docket "to determine the merit[s] of Petitioner's case."  Filed post-judgment, this Motion requires a report and recommendation from an assigned Magistrate Judge. 28 U.S.C. § 636(b)(3).

The docket establishes the following chronology:

| | |
|---|---|
| November 8, 2021 | Supplemental R&R filed and served on Simpson by mail |
| November 21, 2021 | Simpson seeks and receives extension to file objections to December 16, 2021 |
| January 3-4, 2022 | Judge Newman adopts SR&R and enters judgment (finding no objections were filed). |
| January 12, 2022 | Simpson's Objections to Supplemental R&R docketed.  Simpson claims mailing December 13, 2022 (ECF No. 24, PageID 506). |

| | |
|---|---|
| January 13, 2022 | Objections re-characterized as a motion to amend the judgment under Fed.R.Civ.P. 59(e) and R&R to deny (ECF No. 24). |
| January 24, 2022 | Motion for Relief from Judgment filed and docketed. Certificate of Service claims mailing on January 17, 2022 (ECF No. 26, PageID 522). |

As can be readily seen, Simpson's filings have arrived at the Court at widely varying times from the dates when he claims they were mailed. For example, his Objections to the Supplemental R&R took thirty days to arrive, whereas his instant Motion took only seven days.

Simpson relies on *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court case that adopted the so-called mailbox rule which provides that an inmate effectively files a paper in federal court when he or she deposits it in the prison mail system. In *Houston*, Justice Brennan assumed that the date on which a filing was handed to prison officials for mailing was readily ascertainable because he believed they logged receipt of the mail. That is not the case in Ohio.

It is rare for prisoners to provide any corroboration for their assertions of a deposit date and Simpson has not done so here. Instead, he seems to believe that the Court must accept his representation of the mailing date. However nothing in *Houston* or its progeny adopts that rule.

In this case Judge Newman waited more than two weeks past the due date before adopting the Supplemental Report. Instead of flatly rejecting Simpson's assertion of the mailbox deposit date, the Court treated his late Objections as a motion to amend under Fed.R.Civ.P. 59(e) The Magistrate Judge has recommended denial of that Motion on the merits of the underlying claims rather than on any timeliness issues, in a Report and Recommendation filed and served January 13, 2022. The Motion for Relief from Judgment should be denied on the same basis.

2

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 25, 2022.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.