IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


PARIS O. SIMPSON,

        Petitioner,       :      Case No. 3:21-cv-109

 - vs -                              District Judge Michael J. Newman
                                       Magistrate Judge Michael R. Merz

LYNEAL WAINWRIGHT, Warden,
  Marion Correctional Institution,

                                      :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Paris Simpson, is before the Court on Simpson's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendation (ECF No. 27) that Simpson's from Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(5)(ECF No. 26) be denied.  Magistrate Judge Newman has recommitted the case for reconsideration of the Motion in light of the Objections (ECF No. 30).

The Motion asks the Court to vacate its judgment of January 3, 2022, and return this case to the active docket "to determine the merit[s] of Petitioner's case."  The Report recommended denying the Motion because Simpson's Objections to the Report and Recommendation on the merits were received and docketed on January 12, 2022, despite the fact that Simpson's extended deadline for filing them was December 16, 2021.  Because the Objections had been received after judgment was entered, the Magistrate Judge had treated the Objections as a motion to amend the

1

judgment, but recommended it be denied on the merits (Report, ECF No. 25). Simpson has timely objected to that Report (ECF No. 28) and his Objections remain pending for adjudication by Judge Newman.

**Magistrate Judge Authority to Consider the Motion for Relief from Judgment**

Simpson begins his Objections by asserting the Magistrate Judge had no authority to file a report and recommendation on the Motion for Relief from Judgment. As Judge Newman confirms in his Recommittal Order, the Magistrate Judge has not only the authority but the duty to adjudicate any motion in any case referred to him.

Petitioner is correct that his Motion for Relief from Judgment is directed to a final judgment of this Court which is appealable to the Sixth Circuit Court of Appeals. But that does not remove it from the Magistrate Judge's duty to make a recommended disposition. Final decision of that motion remains with Judge Newman, but 28 U.S.C. § 636(b)(3) allows him to refer the motion for a recommendation by a Magistrate Judge. As the Recommittal Order notes, this is done by General Order in this District.

Petitioner accuses the Magistrate Judge of lying about his authority with respect to the Motion, but the Recommittal Order confirms that authority and indeed duty. Petitioner asserts that it is the undersigned's "racial hate of African-american[s]" which led to the recharacterization of Petitioner's objections as a motion to amend the judgment. On the contrary, the re-characterization was a way in which the Court could consider the merits of the Objections without re-opening the judgment. Because the Magistrate Judge had authority to recommend a decision on the Motion for Relief from Judgment, Simpson's objection on the basis of lack of authority should be

2

overruled.

**Merits of the Petition**

In his Motion for Relief from Judgment, Petitioner asks that the judgment of January 3, 2022, be vacated and the case be restored to the active docket for decision on the merits (ECF No. 26, PageID 521). If the Court were to take that step and consider Petitioner's Objections *de novo*, it should conclude Petitioner's sole Ground for Relief is without merit, as the Magistrate Judge previously recommended (Report, ECF No. 14; Supplemental Report, ECF No. 19).

Petitioner's sole claim is that he received ineffective assistance of appellate counsel on his appeal from re-sentencing when his appellate attorney advised him that the resentencing did not allow him to raise anew claims which had been raised or could have been raised on his first direct appeal. In denying Petitioner's Ohio App. R. 26(B) Application to Reopen, the Second District Court of Appeals held this the attorney's advice was correct as a matter of Ohio law and therefore it was not ineffective assistance of appellate counsel to give that advice (Decision and Entry, State Court Record, ECF No. 8, Ex. 29, PageID 353-54). The scope of the Ohio doctrine of *res judicata* is a state law question on which this Court is bound to follow state court decisions. *Bradshaw v. Richey*, 546 U.S. 74 (2005). That includes decisions of intermediate appellate courts in the very case in suit. *West v. American Tel. & Tel. Co.,* 311 U.S. 223 (1940).

Because it cannot be ineffective assistance of appellate counsel to give correct legal advice, the Report and Supplemental Report both recommended the Petition be dismissed with prejudice. Upon reconsideration the Magistrate Judge adheres to that recommendation.

**Conclusion**

Based on the foregoing reasoning, the Magistrate Judge respectfully recommends that Petitioner's Motion for Relief be denied or, in the alternative, that the Motion be granted and the Petition be dismissed on the merits. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 10, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #